## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENDY MENARD and** | : | |
| **TIMOTHY MENARD,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HEWLETT PACKARD** | : | |
| **COMPANY, et al.** | : | **No. 12-3570** |
| **Defendants.** | : | |

### MEMORANDUM

**Schiller, J.**                                                                                    **July 19, 2012**

Wendy and Timothy Menard claim the Wendy was badly burned by her laptop computer, which was resting on her stomach while she was using it. How much is such a claim worth? Plaintiffs seek to remand this litigation to state court because they capped their damages below the jurisdictional threshold required to proceed in federal court. Defendants argue that cap or no cap, the allegations in the Complaint place Plaintiffs' claims above the $75,000 threshold necessary for this Court to exercise subject matter jurisdiction over them. For the following reasons, the Court grants Plaintiff's motion to remand.

## I.      BACKGROUND

On June 28, 2010, Wendy Menard was lying on her sofa at home doing work on her Windows XP Media Center Edition Compaq Presario laptop, which she had purchased at a Wal-Mart located on Columbus Boulevard in Philadelphia.[1] (Compl. ¶¶ 3-5.) The laptop was resting on her stomach. A short time later, Wendy removed her t-shirt and discovered that the skin on her

---

[1] Defendant Hewlett Packard Company ("HP") is the parent company of Defendant Compaq Computer Corporation ("Compaq"). (*Id*. ¶ 2.)

abdomen had been melted by the heat of the laptop and had come off with her shirt. (*Id*. ¶ 6.) The laptop was hot to the touch. (*Id*. ¶ 7.)

On May 18, 2012, Wendy and her husband, Timothy Menard, filed a lawsuit in the Court of Common Pleas in Philadelphia County against HP and Wal-mart. According to the Complaint, HP was negligent for failing to, among other things, properly design and engineer the laptop in a safe manner, warn users of the laptop's defects, and properly ventilate the laptop. (*Id*. ¶ 9.) Because of HP's negligence, Wendy "suffered injuries to her stomach as well as other secondary problems and complications, the full extent of which is not yet known and some or all of which are permanent in nature." (*Id*. ¶ 11.) Wendy suffered burns to her stomach, pain, mental anxiety and anguish, and "severe shock to her entire nervous system." (*Id*. ¶ 12.) She also seeks to recover damages for past and future lost earnings, medical expenses, pain and suffering, and humiliation. (*Id*. ¶¶ 13-17.) She demands judgment against HP "for a sum not in excess of Fifty Thousand ($50,000) Dollars, plus costs of the action and delay damages." (*Id*. Count I, *ad damnum* clause.) Count II is also against HP but is brought under Section 402A of the Restatement (Second) of Torts, asserting a claim for strict product liability. (*Id*. ¶¶ 18-26.) This claim repeats the damages alleged in Count I and contains an identical *ad damnum* clause. Count III is a breach of warranty claim against HP and includes the same request for damages included in Counts I and II. (*Id*. ¶¶ 27-33.) Wendy further alleges that Wal-Mart was negligent in failing to properly inspect and test the laptop prior to selling it and that its negligence led to her injuries. (*Id*. ¶¶ 35-43.) Against Wal-Mart she seeks judgment "for a sum not in excess of Fifty thousand ($50,000.00) Dollars, plus costs of this action and delay damages." (*Id*. Count IV, *ad damnum* clause.) Count V is a strict product liability claim against Wal-Mart and Count VI is a breach of warranty claim against Wal-Mart. (*Id*. ¶¶ 44-59.) Both of these claims

2

include identical *ad damnum* clauses. Finally, Count VII is a loss of consortium claim brought by Timothy against HP and Wal-Mart. (*Id*. ¶¶ 60-62.) He seeks damages against these two Defendants, "jointly and severally, in an amount not in excess of Fifty thousand ($50,000) Dollars, plus costs." (*Id*. Count VII, *ad damnum* clause.)

On June 25, 2011, Defendants removed this case to this Court and premised their removal on this Court's diversity jurisdiction.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), defendants in state court may remove "any civil action . . . of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts possess diversity jurisdiction over all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). The burden of demonstrating the existence of federal jurisdiction rests with the party asserting jurisdiction, *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), and the defendant's right to remove is determined according to the plaintiff's pleading at the time of the petition for removal. *Angus v. Shiley*, 989 F.2d 142, 145 (3d Cir. 1993); *see also Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) ("Even though actual damages may not be established until later in the litigation, the amount in controversy is measured as of the date of removal.")

In considering a motion to remand, "28 U.S.C. § 1441 is to be strictly construed against removal so that the Congressional intent to restrict federal diversity jurisdiction is honored."

*Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citation omitted); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). "This policy 'has always been rigorously enforced by the courts.'" *Samuel-Bassett*, 357 F.3d at 396 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1937)). Therefore, if the court determines that federal subject matter jurisdiction does not exist, the case must be remanded. 28 U.S.C. § 1447(c).

## III.    DISCUSSION

Complete diversity exists here. (*See* Notice of Removal ¶¶ 4-5 (noting that Plaintiffs are citizens of Pennsylvania, HP is a citizen of Delaware and California, and Wal-Mart is a citizen of Arkansas and Delaware).) The sole question for the Court is whether the amount-in-controversy threshold is met. Plaintiffs contend that the amount-in-controversy requirement is not met because the case was filed in the Philadelphia County Court of Common Pleas and placed in compulsory arbitration since Plaintiffs did not seek damages exceeding $50,000, let alone the $75,000.01 required for this Court to exercise subject matter jurisdiction. (Pls.' Mem. of Law in Supp. of Their Mot. to Remand at 2.) Defendants argue that more than $75,000 is at stake because: (1) Plaintiffs have refused to stipulate that their damages do not exceed $75,000; (2) Plaintiffs made a pre-litigation settlement demand of $125,000 plus litigation expenses; and (3) a reasonable reading of the Complaint demonstrates that damages exceed $75,000. (Defs.' Br. in Opp'n to Pls.' Mot. to Remand [Defs.' Opp'n] at 5-7.) Furthermore, Defendants argue, the Court is not bound by the

4

compulsory arbitration limits set in state court because Plaintiffs can seek a trial de novo in which they would not be bound by the $50,000 limit in their Complaint. (*Id.* at 5.)

It has been repeated numerous times that "the plaintiff is master of her claim." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006); *see also Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007); *Resolution Mgmt. Consultants, Inc. v. Hickey*, Civ. A. Nos. 10-6243, 11-914/946/954/956, 2011 WL 2609854, at *5 (D.N.J. June 29, 2011). Thus, "[t]he Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction." *Morgan*, 471 F.3d at 474. At the same time, "plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." *Id.* at 477.

The Menards' Complaint seeks damages not in excess of $50,000. Because Plaintiffs' Complaint, as expressed in the *ad damnum* clauses, "specifically avers that the amount sought is less than the jurisdictional minimum . . . a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount." *Frederico*, 507 F.3d at 196-97. This does not end the matter, however. The Court must look to see if the Plaintiffs' actual monetary demands in the aggregate exceed the jurisdictional threshold. *Morgan*, 471 F.3d at 474-75 ("[T]he plaintiff's pleadings are not dispositive under the legal certainty test. This Court's task is to examine not just the dollar figure offered by the plaintiff but also her actual legal claims.").

Wendy's claims cannot be aggregated with her husband Timothy's loss of consortium claim. *See Meritcare*, 166 F.3d at 218; *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) ("Each plaintiff must meet the amount in controversy requirement—claims may not be aggregated among plaintiffs to meet the statutory minimum."). Thus, the question is whether Defendants have

shown to a legal certainty that Wendy can recover more than $75,000 and whether Defendants have shown to a legal certainty that Timothy can recover more than $75,000.

Defendants contend that the following allegations are sufficient confer subject matter jurisdiction: "claims for melted skin, 'severe' pain and suffering, scarring, permanent injuries, past lost wages, future lost wages, an inability to carry out plaintiff's usual activities, unspecified 'financial expenses,' mental suffering, and emotional anguish." (Defs.' Opp'n at 7.) To be sure, Plaintiffs' Complaint notes some unpleasant injuries and consequences resulting from Defendants' actions. But Defendants offer no proof to a legal certainty that Wendy can recover more than $75,000. There are no medical bills, pay stubs, or other evidence to suggest her injuries and damages exceed the jurisdictional threshold. And there is even less evidence to suggest that Timothy meets the jurisdictional floor. In fact, Defendants seem to take the position that if Wendy's claims exceed the jurisdictional threshold, Timothy's must as well.

Rather than evidence, Defendants point to speculation. For one, Defendants make much of the fact that Plaintiffs have refused to stipulate that their damages "shall not exceed Seventy-Five Thousand Dollars ($75,000)." (Pls.' Mot. to Remand Ex. A [Unsigned Stipulation].) Defendants read too much into this unsigned stipulation. First, as best as this Court can tell, Plaintiffs' lawyer has not signed the stipulation prepared by opposing counsel, which is different from Plaintiffs refusing to agree to cap their damages. Lawyers tend to be cautious. It is therefore unsurprising that Plaintiffs' lawyer's first reaction to a stipulation limiting his clients' recovery was not to take out his pen and say, "where do I sign?" Perhaps Plaintiffs' counsel did not care for how the stipulation was worded. But just as a complaint that limits damages to a figure below the jurisdictional threshold does not guarantee the case stays out of federal court, a lawyer's refusal to limit his clients' recovery by

6

signing a stipulation should not end the inquiry. *See Lee v. Wal-Mart, Inc.*, 237 F. Supp. 2d 577, 580 (E.D. Pa. 2002) ("While a plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum, I do not believe that fact may alone should the burden of § 1332 jurisdiction."). The legal certainty test requires more of defendants.

Defendants also correctly note that Plaintiffs could appeal an arbitration decision in the Philadelphia County Court of Common Pleas and, if they did, they could recover more than $50,000. *See Wilson v. Walker*, 790 F.Supp.2d 406, 409 (E.D. Pa. 2011) ("Pennsylvania courts . . . have held that in any de novo trial after arbitration, the plaintiff may seek more than $50,000 in damages.") (citing *Vanden-Brand v. Port Auth. of Allegheny Cnty.*, 936 A.2d 581, 584 (Pa. Commw. Ct. 2007)). Nonetheless, there is too much uncertainty in this argument for Defendants to meet the legal certainty test and show that Plaintiffs will recover more than the jurisdictional threshold. The legal certainty test and the rule requiring courts to resolve doubts in favor of remand would ring hollow if the mere possibility that a plaintiff could recover more than $75,000 from an appeal of a compulsory arbitration satisfied Defendants' burden. *See Dunfee v. Allstate Ins. Co.*, Civ. A. No. 08-1425, 2008 WL 2579799, at *7 (E.D. Pa. June 26, 2008) ("Defendant's argument that damages 'could' exceed $75,000 or that it is 'certainty possible' to exceed $75,000 does not prove it is legally certain the amount in controversy exceeds $75,000.").

Although the limit Plaintiffs included in their Complaint is not dispositive, Pennsylvania law allows plaintiffs to limit their monetary claims in the *ad damnum* clause of their complaint. *See Espinosa v. Allstate Ins. Co.*, Civ. A. No. 07-746, 2007 WL 1181020, at *3-4 (E.D. Pa. Apr. 16, 2007); *Punzak v. Allstate Ins. Co.*, Civ. A. No. 07-1052, 2007 WL 1166087, at *3-4 (E.D. Pa. Apr. 16, 2007); *Wilson*, 790 F. Supp. 2d at 409 ("Pennsylvania courts thus view [the compulsory

arbitration law] as creating a jurisdictional trigger compelling arbitration, not a substantive recovery limit.").

Finally, Defendants suggest that a pre-litigation settlement demand of $125,000 plus medical costs shows that more than $75,000 is at stake. This Court, however, must determine the amount in controversy as of the date of removal. *See Meritcare*, 166 F.3d at 217. The settlement demand, made almost a year and a half prior to the commencement of this litigation, is of little probative value. The Court recognizes that Defendants are in a difficult position here. Common sense says that a plaintiff who claims that her computer caused burns bad enough to melt her skin to her shirt could receive at least $75,000.01 from a jury. Furthermore, if Plaintiffs sought $125,000 plus medical expenses in 2010 to settle their claims, it is unlikely that their claim for damages has decreased to $50,000 in the interim. But federal courts are courts of limited jurisdiction and all doubts are resolved in favor of remand. Moreover, "if this Court has to guess at whether the jurisdictional threshold has been met, then the defendant has not proved its point." *Hickey*, 2011 WL 2609854, at *8. Defendants are not without recourse. Although Defendants must remain in state court, this Court sees no reason why Defendants could not argue to a jury that Plaintiffs' damages are less than $50,000 based on the filings submitted here.

## IV.     CONCLUSION

Defendants have not met their burden and the Court therefore grants Plaintiffs' motion to remand. An order consistent with this Memorandum will be docketed separately.